Christopher J. EMERSON,
Petitioner–Appellant

v.

Rissie OWENS, Chairperson/Board of
Pardons and Paroles (Texas),
Respondent–Appellee.

No. 11–51220
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

July 2, 2012.

Christopher J. Emerson, Lovelady, TX,
pro se.

Before GARZA, SOUTHWICK, and
HAYNES, Circuit Judges.

PER CURIAM: *

Christopher J. Emerson, Texas prisoner
# 451863, appeals the district court's order
dismissing, without prejudice, his pro se
petition for writ of mandamus. In his
petition, Emerson sought to compel the
Texas Board of Pardons and Paroles
(TBPP) to conduct a new revocation hear-
ing in compliance with the due process
requirements set forth in *Morrissey v.
Brewer*, 408 U.S. 471, 92 S.Ct. 2593, 33
L.Ed.2d 484 (1972), and asserted that it is
likely that his parole was revoked in retali-
ation for his exercise of his First Amend-

ment rights and not because he violated a
law or a condition of release. Regardless
of Emerson's arguments, a federal district
court is not authorized to grant relief in
the nature of mandamus relief to direct
state officials in the performance of their
duties and functions. *See Moye v. Clerk,
DeKalb County Superior Court*, 474 F.2d
1275, 1275–76 (5th Cir.1973).

Emerson seeks through this appeal to
continue to challenge the Southern Dis-
trict's denial of his § 2254 petition that
challenged the same revocation proceed-
ings on the same grounds. For this rea-
son and for the reasons stated above, the
appeal is without arguable merit and is
frivolous. *See Howard v. King*, 707 F.2d
215, 219–20 (5th Cir.1983). Accordingly,
the appeal is dismissed. *See* 5TH CIR. R.
42.2. Emerson is warned that the filing of
further frivolous pleadings or of any plead-
ings in this court or in any court in this
jurisdiction challenging the 2009 revoca-
tion proceedings may result in the imposi-
tion of sanctions, which may include mone-
tary penalties or restrictions on Emerson's
ability to file further pleadings, or both.

APPEAL DISMISSED; SANCTION
WARNING ISSUED.

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR R. 47.5.4.